UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID D. DOWDY,

    Plaintiff,

        v.

MUHAMMAD H. SULIMAN,

    Defendant/Third-Party Plaintiff,

        v.

USF HOLLAND, LLC,

    Third-Party Defendant.

Case No. 18-cv-1740-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of third-party defendant USF Holland, LLC ("Holland") to dismiss defendant Muhammad H. Suliman's third-party contribution claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to strike the Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14(a)(4) (Doc.52). Suliman has responded to the motion (Doc. 53).

This case involves a vehicle accident between plaintiff David D. Dowdy and Suliman. Both were driving tractor-trailers—Dowdy for his employer Holland—at the time of the accident. Dowdy sued Suliman. Suliman, in turn, sued Holland in a Third-Party Complaint for contribution based on its alleged failure to adequately inspect and maintain the tractor-trailer Dowdy was driving and failure to adequately train Dowdy about its use.

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all

allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

  In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atl.*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555). It must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Bell Atl.*, 550 U.S. at 555.  If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal.  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

The Court has reviewed Suliman's Third-Party Complaint and concludes that he does not plead sufficient facts to give Holland notice of the basis of his claim or to plausibly suggest he has a right to relief above the speculative level.  Indeed, aside from the basic facts about the accident, his Third-Party Complaint pleads only labels and legal conclusions about what Suliman claims Holland did wrong.  In fact, his entire statement of how Holland was negligent amounts to this:  it had a duty to exercise reasonable and ordinary care to inspect and maintain the tractor-trailer Dowdy was driving, and it breached that duty by failing to perform it.  Third-Party Compl. ¶¶ 11 & 12 (Doc. 47 at 2-3).  His pleading about how Holland's conduct caused Dowdy's injuries are just as bare-bones:  Dowdy was injured as a result of Holland's negligence.  Third-Party Compl. ¶ 13 (Doc. 47 at 3).  Suliman has not alleged a single fact as to how Holland accomplished the alleged negligence or how it led to Dowdy's injury.  Such sketchy pleading does not give Holland fair notice about what it is accused of doing, does not plausibly suggest a right to relief, and is not enough under the *Bell Atlantic/Iqbal* standard to withstand dismissal.  Accordingly, the Court will grant Holland's motion to dismiss (Doc. 52) but will allow Suliman a reasonable amount of time to file an amended pleading curing the factual deficiencies.  The dismissal of the current Third-Party Complaint obviates the need to consider whether it should be stricken under Rule 14(a)(4).

For the foregoing reasons, the Court:

- **GRANTS** Holland's motion to dismiss (Doc. 52);

- **DISMISSES** the Third-Party Complaint **without prejudice**: and

- **ORDERS** that Suliman shall have 21 days to file an amended pleading.

**IT IS SO ORDERED.**
**DATED:  October 29, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
