UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID D. DOWDY,

    Plaintiff,

        v.

MUHAMMAD H. SULIMAN,

    Defendant/Third-Party Plaintiff,

        v.

USF HOLLAND, LLC,

    Third-Party Defendant.

Case No. 18-cv-1740-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the second motion of third-party defendant USF Holland, LLC ("Holland") to dismiss defendant Muhammad H. Suliman's third-party contribution claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to strike the First Amended Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14(a)(4) (Doc. 65). Suliman has responded to the motion (Doc. 66).

This case involves a vehicle accident between plaintiff David D. Dowdy and Suliman. Both were driving tractor-trailers—Dowdy for his employer Holland—at the time of the accident. Dowdy sued Suliman, and Suliman, in turn, sued Holland in a third-party complaint. The Court dismissed Suliman's original complaint against Holland for failure to state a claim, but allowed Suliman leave to replead. He did so in the First Amended Third-Party Complaint, in which he asserts a claim for contribution based on Holland's alleged

negligence in failing to adequately inspect and maintain the tractor-trailer Dowdy was driving, failing to adequately train and supervise Dowdy in its use, and failing to comply with federal regulations regarding monitoring and documenting Dowdy's health conditions.  Then Suliman lists twelve ways—some of which are overlapping—in which he asserts Holland was negligent in the foregoing respects.  1st Am. 3d-Party Compl. ¶ 17 (Doc. 63).

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atl.*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555). It must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

The Court has reviewed Suliman's First Amended Third-Party Complaint and concludes that Suliman still does not plead sufficient facts to give Holland notice of the basis of the negligence alleged in ¶ 17(a)-(c). Those paragraphs contain bare-bones allegations that Holland failed to inspect and maintain the tractor-trailer and failed to train Dowdy without any specifics about those alleged failures. Those allegations are no more sufficient than the conclusory allegations pled in the original Third-Party Complaint, and they still do not plausibly suggest Suliman has a right to relief above the speculative level for those alleged acts of negligence.

Suliman pleads more details in ¶ 17(d)-(*l*). There, he specifically alleges the topics about in which Holland failed to train Dowdy (keeping a safe following distance, use of cruise control features, daytime accident avoidance, vehicle distances, and taking driving breaks), the specific area in which it failed to supervise him (making sure he took appropriate driving breaks), and the specific ways it failed to make sure it was safe for Dowdy to drive

3

(evaluating, monitoring, and compiling paperwork about Dowdy's medical condition).  While the specific ways in which these alleged acts of negligence caused the accident remain vaguely pled (for example, was using cruise control even a factor in the accident?), the more specific negligence allegations in ¶ 17(d)-(*l*) at least put Holland on notice of what Suliman claims it did wrong and defines the field in which discovery about causation can occur to fill in the gaps.  If Suliman discovers any additional relevant facts supporting negligence during that discovery, he may seek leave to amend his pleading again.  By the same token, if Holland is able to show there is no evidence to support a breach of duty or causation under these negligence theories, it may so argue on summary judgment.

As for Holland's request to strike Suliman's First Amended Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14(a)(4), the Court rejects that request in light of its decision on the request to dismiss pursuant to Rule 12(b)(6).  Rule 14(a)(4) allows any party to move to strike a third-party claim, sever it, or try it separately.  Under the rule, "the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim. . . ." Fed. R. Civ. P. 14, advisory committee's note to 1963 amendment.  The rule was intended to emphasize the court's discretionary power to dispose of claims against a third-party when the third-party plaintiff filed it without leave of court and the third-party claim should not be in the original case.  6 Charles Alan Wright *et al*., *Federal Practice & Procedure* § 1460 (3d ed.).  Here, the Court granted Suliman leave to bring Holland into the case as a third-party defendant (Doc. 44), so striking the current pleading would not serve this purpose.  Furthermore, federal courts have generally not distinguished between a motion to dismiss and a motion to strike under Rule 14(a)(4).  *Id.*  Accordingly, the Court finds Holland's motion to strike moot in light of its

4

decision on Holland's motion to dismiss.

      For the foregoing reasons, the Court:

- **GRANTS in part** and **DENIES in part** Holland's second motion to dismiss or, in the alternative, to strike (Doc. 65); and

- **DISMISSES without prejudice** the negligence claim in the First Amended Third-Party Complaint to the extent it is based on the allegations in ¶ 17(a)-(c).  To the extent the claim is based on the allegations in ¶ 17(d)-(*l*), it survives this motion.

**IT IS SO ORDERED.**
**DATED:  February 11, 2021**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**